## E. M. YARD v. PITTSB. & L. E. R. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY COUNTY.

Argued November 6, 1889—decided January 6, 1890.

Where a father and daughter, tenants respectively by the curtesy and in remainder in fee, and not in contemplation of the latter's marriage, join in a deed of trust with power during their joint lives to revoke the same and re-convey upon new uses, and subsequently annul the trust by a simple deed of revocation without declaring new uses, they then become re-invested with their former several estates.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 216 October Term 1889, Sup. Ct.; court below, No. 127 March Term 1888, C. P. No. 1.

On February 19, 1889, a case stated in assumpsit was filed wherein Edward M. Yard and Josephine O. Breese were plaintiffs, and the Pittsburgh & L. E. R. Co., defendant, showing the facts fully appearing in the Opinion of Court below, infra.

On March 6, 1889, after argument before the court in banc, the following opinion and decree were filed, SLAGLE, J.:

This action was brought to recover the sum of $4,000 due upon a contract dated November 11, 1887, whereby plaintiffs agreed to convey to defendant a lot of ground in the Thirtieth ward, city of Pittsburgh, for which a deed was tendered December 1, 1887, and refused. The right of plaintiffs to recover depends upon the sufficiency of the deed.

By the statement of the parties submitted for the opinion of the court, it appears that the property mentioned was in 1874.

vested in Edward M. Yard, as husband, and Josephine O. Yard, the only child and heir at law of Josephine Yard, formerly Ormsby, deceased. On May 8, 1874, the said parties executed a conveyance to Hill Burgwin. The purpose of this conveyance is stated as follows : " Whereas, the said Josephine O. Yard, being now of full age, is desirous of settling the said real and personal estates absolutely upon her father, the said Edward M. Yard, during his life, with full power to sell and convey the same, and with the remainder, after his decease, to be held in trust for the sole and separate use of her, the said Josephine O. Yard," the entire property is conveyed to said Hill Burgwin, in trust for Edward M. Yard, for life, " with remainder after his decease for the sole and separate use of the said Josephine O. Yard, during the term of her natural life, free from the dominion or control of any husband with whom she may intermarry," with power of appointment by will, and in default " to her own right heirs and legal representatives on the part of her said deceased mother, in fee-simple absolute."

The absolute control of the property is given to Edward M. Yard during his life, with power to sell and invest the proceeds. After his death, the trustee is authorized to take charge of the property, and with the consent of Josephine O. Yard, sell the same.

A power of revocation is reserved as follows : " The said Edward M. Yard and Josephine O. Yard, shall have power and authority, at any time during their joint lives, by instrument in writing, duly executed and acknowledged by them, to alter, revoke or annul any or all of the trusts, limitations and provisions hereinbefore made, set forth or declared, and thereupon to re-settle and re-convey the trust property then remaining, upon such other and different trusts and limitations, and with such provisions and in such estates as to them shall seem meet and proper."

On December 28, 1875, Josephine O. Yard was married to James B. Breese, who died February 7, 1887. At the time of the execution of the deed of May 8, 1874, this marriage was not in contemplation.

By deed of March 10, 1883, Edward M. Yard and Josephine O. Breese, after reciting at length the deed of May 8, 1874, professing to act under the power therein contained, and in

consideration of natural love and affection, did " for themselves, their and each of their heirs, executors and administrators, revoke and annul all and all parts of the trusts, limitations and provisions by them or either of them made and entered into by said deed of trust."

Was this deed of 1883 a valid revocation of the trusts of the deed of 1874?

The deed of 1874, not being in immediate contemplation of marriage, was ineffective to create a separate use trust: McBride v. Smyth, 54 Pa. 245; Wells v. McCall, 64 Pa. 207. Its only effect was to enlarge the life estate of Edward M. Yard, by conferring upon him the power to sell and convey, and to limit the inheritance to the heirs of Josephine O. Yard in the maternal line. The revocation, if well made, restores the estate to its former condition, leaving to Edward M. Yard his estate as tenant by curtesy, and to Josephine a fee-simple absolute. The deed tendered to defendant conveys these interests.

It is argued that the power of revocation in the deed of May 8, 1874, is coupled with the duty to declare new uses, and is inoperative until such new uses shall have been duly declared.

In the case of Grange v. Irving, cited in 1 Sugden on Powers, 440, in which the power was similar to that in the deed of May 8, 1874, it was held that these two powers, to revoke and declare new uses, were clearly two distinct powers, and though these powers of revoking and declaring new uses were both in one proviso, yet he who hath both the powers may use the one and not the other. It has even been doubted whether the two powers could be exercised in one deed; and, though in the case of Hoover v. Samaritan Society, 4 Wh. 445, it was held that a new appointment might be made in the same instrument revoking the old, it was not upon the ground that they were dependent one upon the other, but because in construction of law the instrument is first a revocation and then a limitation of new uses. In their nature they are distinct and independent powers. A power to declare new uses includes in itself a power to revoke, and therefore if it were intended to make the one dependent upon the other, it would not be necessary to specially designate the power to revoke.

But there can be no question but that the parties to the

deed in this case could have declared new uses for Edward M. Yard for life, and Josephine O. Yard in fee. This is the effect of a revocation without a new declaration. The parties before the execution of the deed of May 8, 1874, being possessed of the lands with those estates upon revocation of the uses therein declared, they would without more be in of their former estates : 2 Sugden on Powers, 30 ; the law would raise up this old use and vest it in them : 1 Sugden on Powers, 441.

The estates which they take upon revocation, by implication of law, being within the power of the new appointment, it must be presumed that without any special declaration they intended it should have that effect. There is no special mode for executing a power unless specially prescribed. A substantial execution of the power is all that is required. It was accordingly held in Coryell v. Dunton, 7 Pa. 530, where property was conveyed to a trustee for the separate use of Ann Dunton, with a further power that she might revoke, alter, change the uses and declare new ones, that "a conveyance by her and her husband, though not referring to the power, passes the estates."

In any view, the deed of March 10, 1883, must be held to be a good revocation of the trusts of the deed of March 8, 1874, and effective to re-invest the title to the property in Josephine O. Yard, now Breese, subject to her father's life estate as tenant by the curtesy, and their deed conveys a good title free from the trusts and limitations of the latter deed. Judgment must therefore be entered for the plaintiff upon the case stated.

Judgment having been entered as directed, the defendant took this appeal, assigning as error the order of the court directing judgment in favor of the plaintiffs.

*Mr. James H. Reed* (with him *Mr. Phil. C. Knox*), for the appellant.

Counsel cited : Ashhurst's App., 77 Pa. 468 ; Ash's App., 80 Pa. 497 ; Fellows's App., 93 Pa. 472.

*Mr. G. C. Burgwin* (with him *Mr. H. Burgwin*), for the appellees.

Counsel cited : McBride v. Smyth, 54 Pa. 245 ; Grange v. Irving, Bridg. 120 (1 Sugden on Powers 440).

Statement of Facts.

PER CURIAM:

This case is affirmed upon the opinion of the learned judge of the court below.

Judgment affirmed.